ORIGINAL

FILED
APR 14 2008
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

WISER CONSTRUCTION LIMITED LIABILTIY COMPANY,

v.

THE UNITED STATES.

No. 08-275 C

**COMPLAINT**

Wiser Construction Limited Liability Company (hereinafter "Wiser"), for itself and on behalf of its subcontractors, by and through its attorneys, Christensen James & Martin, hereby complains against the United States of America, Department of the Army, Corps of Engineers as follows:

NATURE OF THE ACTION

1. On or about September 23, 2003, Wiser entered into a contract with the United States Corps of Army Engineers (hereinafter "ACOR") for construction work on a project in Clark County, Nevada commonly known as the Upper Blue Diamond Diversion Channel, Contract Number DACW09-03-C-0012 ("Project").

2. The Project involved the construction of an approximate two-mile long concrete flood channel and water diversion basin for the channel.

3. Wiser performed work itself and utilized subcontractors for the purposes of completing the Project.

4. The Project had specific plans and specifications ("Contract Plans") presented by ACOR upon which Wiser and its subcontractors reasonably relied in preparing and submitting Project bids.

5. Wiser and its subcontractors reasonably utilized the Contract Plans.

6. The Contract Plans contained errors and ACOR personnel required certain procedures, changes and/or construction alterations that resulted in damages to Wiser and some of its subcontractors.

7. Notice is given that Wiser has outstanding claims yet to be submitted to the contracting officer and may seek to join those claims in this litigation through a motion to consolidate cases or to amend the complaint or should the claims not be timely resolved.

## JURISDICTION

8. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 7 as if set forth hoc verba.

9. The United States has waived its sovereign immunity from lawsuit pursuant to the Tucker Act, 28 U.S.C. § 1491.

10. This Court has jurisdiction over the claims alleged herein pursuant to the Tucker Act and the Contracts Dispute Act of 1978, 41 U.S.C. § 601 et seq.

11. Wiser is entitled to assert claims on behalf of itself and on behalf of subcontractors.

12. Wiser has met all necessary notice requirements and claims requirements that may exist and be required by law and ACOR has failed or refused to pay legitimate claims, making the claims asserted herein ripe for adjudication.

## FIRST CLAIM

[Wiser/Meadow Valley Contractors – RCB Change Order and Delay]

13. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 12 as if set forth hoc verba.

14. Wiser, in accordance with allowed contractual procedures, singed a contract with Meadow Valley Contractors, Inc. ("MVC"), whose primary scope of work was the construction of channel walls and invert slabs.

15. On or about May 26, 2004, ACOR issued a change order that required previously planned open channel sections to be enclosed with a reinforced concrete box ("RCB").

16. ACOR allowed for certain additional costs for the change order but improperly limited MVC's and Wiser's overhead, profit and bond costs, resulting in unpaid claims of at least $18,531.08 for MVC and $3,228.11 for Wiser.

17. The change order further caused Project delays of at least 124 days, which resulted in an unpaid delay claim of at least $302,258.88 payable to Wiser.

## SECOND CLAIM

[Wiser/Meadow Valley Contractors – Channel Invert]

18. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 17 as if set forth hoc verba.

19. Wiser and MVC prepared bids based upon ACOR's Contract Plans.

20. The bid for the channel inverts (including costs, mobilization and profit) was based upon ACOR's improper calculations of necessary concrete.

21. ACOR's failure to provide accurate Contract Plans resulted in increased costs for the placement of the channel inverts.

22. ACOR paid $546,880.00 toward the increased costs of the channel inverts.

23. However, ACOR has failed and refused to pay the actual amount of the increased costs, $666,139.51, for the channel inverts.

24. Wiser and MVC are entitled to recover additional actual costs of $119,259.51 and profit and overhead in the amount of $39,948.36 for the channel inverts.

THIRD CLAIM

[Wiser/Meadow Valley Contractors – Channel Walls]

25. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 24 as if set forth hoc verba.

26. Wiser and MVC prepared bids based upon ACOR's Contract Plans.

27. The bid for the channel walls (including costs, mobilization and profit) was based upon ACOR's improper calculations of necessary concrete.

28. ACOR's failure to provide accurate Contract Plans resulted in increased costs for the placement of the channel walls.

29. ACOR paid $730,463.00 toward the increased costs of the channel walls.

30. However, ACOR has failed and refused to pay the actual amount of the increased costs, $894,278.19, for the channel walls.

31. Wiser and MVC are entitled to recover additional actual costs of $164,135.14 and profit and overhead in the amount of $54,980.34 for the channel walls.

FOURTH CLAIM

[Wiser/Meadow Valley Contractors – Additional RCB]

32. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 31 as if set forth hoc verba.

33. Wiser and MVC prepared bids based upon ACOR's Contract Plans.

34. Due to an error in the Contract Plans, Wiser and MVC were required to construct an additional two (2) feet of RCB at Station 25+19.

35. ACOR approved the work as being necessary but has refused to provide additional compensation in the amount of $2,173.49 in actual costs and $369.49 in overhead and profit, both of which Wiser and MVC are entitled to recover.

FIFTH CLAIM

[Wiser/Meadow Valley Contractors – Shelbourn and Rhodes Ranch Reaches]

36. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 35 as if set forth hoc verba.

37. ACOR was required to have a sewer line completed in the Shelbourn and Rhodes Ranch Reaches area of the Project by January 1, 2004 in accordance with the Project's baseline schedule.

38. ACOR completed the sewer line on or about June 8, 2004.

39. Wiser is entitled to recover at least $388,127.88 in time delay damages directly attributable to ACOR's failure to timely complete the sewer line.

40. ACOR also caused a delay by not timely providing adequate "D" drawings for the installation of drop inlets at the North and South Entrances of the Rhodes Ranch Reaches.

41. ACOR's "D" drawings delay caused increased concrete costs of at least $7,317.89 and overhead and profit of at least $1,244.04 for which Wiser and MVC are entitled to recover.

42. ACOR's conduct and/or omissions relating to the sewer line and "D" drawings resulted in delays to MVC's work for which it is entitled to recover uncompensated and extended Project overhead of at least $74,606.80.

43. ACOR's conduct and/or omissions also resulted in Project inefficiencies for which MVC is entitled to recover at least $352,927.71 in increased costs and Wiser is entitled to recover at least $59,997.71 in profit and overhead.

SIXTH CLAIM

[Wiser – Change in Fencing Contractor]

44. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 12 as if set forth hoc verba.

45. Wiser submitted and was awarded the Project contract based in part upon a bid for fencing from R.C. Bundy.

46. ACOR, after having awarded the contract to Wiser, advised Wiser that R.C. Bundy was an unacceptable contractor and ordered a replacement.

47. After objecting, Wiser complied with ACOR's order and elicited bids from fencing contractors.

48. American Fence received the contract as the low bidder.

49. American Fence's contract was more than R.C. Bundy's contract.

50. Wiser is entitled to a post-award change order for additional costs of $61,050.00 that are directly related to ACOR's order to replace the original fencing contractor.

SEVENTH CLAIM

[Wiser – Reduced Temporary Construction Easement]

51. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 12 as if set forth hoc verba.

52. The Contract Plans provided Wiser with a temporary construction easement near the Rhodes Ranch Reach.

53. The purpose of the temporary construction easement was to allow for the cost effective construction of the Project through an appropriate staging area and storage area for excavated material.

54. ACOR, after the Project contract was signed, ordered a reduction in the area available for the temporary construction easement.

55. Wiser was therefore required to move material to another location because the reduced temporary construction easement was not large enough to accommodate the amount of excavated material.

56. Wiser is entitled to recover at least $14,179.44 in additional costs incurred for not being able to utilize the temporary construction easement as planned.

EIGHTH CLAIM

[Wiser – Additional Top Soil and Dust Control]

57. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 12 as if set forth hoc verba.

58. After awarding Wiser the Project contract, ACOR increased the amount of topsoil to be stripped from certain Project areas.

59. Wiser is entitled to recover at least $68,817.33 for supplemental topsoil clearing, $53,407.31 for additional dust control due to an enlarged area and $973.00 for an additional dust control permit.

NINTH CLAIM

[Wiser – Additional Excavation and Compacted Fill – Turning Basin]

60. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 12 as if set forth hoc verba.

61. The Contract Plans require Wiser to fill and grade the Turning Basin Embankment (this is the water diversion basin).

62. Wiser followed the Contract Plans in placing and grading the fill and in the use of soil cement.

63. ACOR, after Wiser had completed the work, ordered that it be redone in a manner different than what was stated in the Contract Plans.

64. Wiser complied with ACOR's order and is entitled to recover at least $98,943.38 for the additional work.

TENTH CLAIM

[Wiser/Fire Hydrant Services – Vertical Shoring at Rhodes Ranch Reach]

65. Wiser herein restates and realleges the allegations set forth in Paragraphs 1 through 12 as if set forth hoc verba.

66. The Project contract required Wiser to provide vertical shoring for the water diversion channel being constructed in front of the Rhodes Ranch community.

67. Wiser contracted with Fire Hydrant Services and Construction, Inc. ("FHS") to provide the vertical shoring.

68. The Contract Plans called for the removal of dirt just parallel to the channel being excavated.

69. The excavated trench would therefore be less deep, which would allow for shorter steel panels to be used in the vertical shoring (so that the dirt walls did not cave in).

70. ACOR changed the Contract Plans (on an apparent agreement with Rhodes Ranch) so that the dirt parallel to the excavated trench would not be removed.

71. ACOR's change resulted in a deeper channel, which required larger and more expensive steel panels to be used in the vertical shoring.

72. ACOR's conduct resulted in increased Project costs of $110,829.71 for which FHS is entitled to recover and at least $18,841.05 in profit and overhead for which Wiser is entitled to recover.

73. ACOR's conduct relating to the vertical shoring, including plan design, also delayed construction for which Wiser is entitled to recover at least $524,135.04 in delay damages.

Wherefore, Wiser prays as follows:

1. For entry of judgment against the United States in an amount of at least $2,540,282.69, which constitutes at least $1,690,501.36 payable to Wiser; $738,951.62 payable to Wiser on behalf of MVC; and $110,829.70 payable to Wiser on behalf of FHS;
2. For reasonable attorneys fees and costs; and
3. For such other relief as may be provided by the Court.

Date: April 9th, 2008.

CHRISTENSEN JAMES & MARTIN

By: Evan L. James

Evan L. James, Esq.
7440 W Sahara Ave.
Las Vegas, NV 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
email: Direct: ejameslv@gmail.com
Copy: kbchrislaw@aol.com