IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WISER CONSTRUCTION LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 08-275C<br>(Judge Bruggink) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Admits.

2. Admits the allegations contained in paragraph 2 to the extent supported by Contract Number DACW09-03-C-0012, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. Admits.

4. Admits that Contract Number DACW09-03-C-0012 contained plans and specifications to the extent supported by Contract Number DACW09-03-C-0012, which is the best evidence of its contents; the remainder of the allegations contained in paragraph 4 constitute characterizations of plaintiff's case and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, the remainder of the allegations contained in paragraph 4 are denied.

5. The allegations contained in paragraph 5 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 5 may be deemed allegations of fact, they are denied.

6. Denies that Contract Number DACW09-03-C-0012 plans contained errors; the remainder of the allegations contained in paragraph 6 are conclusions of law, to which no response is required; to the extent that the remainder of the allegations contained in paragraph 6 may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are characterizations of plaintiff's case, to which no response is required; to the extent that the allegations contained in paragraph 7 may be deemed allegations of fact, they are denied.

8. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 7 of the complaint.

9. The allegations contained in paragraph 9 are conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 9 may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 10 may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 are conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 11 may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 are conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 12 may be deemed allegations of fact, they are denied.

13. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 12 of the complaint.

14. Denies that plaintiff, Wiser Construction Limited Liability Company ("Wiser"), signed a contract with Meadow Valley Contractors, Inc. ("MVC"), of which the primary scope of work was the construction of channel walls and invert slabs for lack of knowledge or information sufficient to form a belief as to the truth of the allegation; the remainder of the allegations contained in paragraph 14 are conclusions of law, to which no response is required; to the extent that the remainder of the allegations contained in paragraph 14 may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 to the extent supported by the change order referenced in paragraph 15, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegation contained in paragraph 16 that the Corps allowed for certain additional costs to the extent supported by the change order referenced, which is the best evidence of its contents, otherwise denies the allegation; the remainder of the allegations contained in paragraph 16 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the remainder of the allegations contained in paragraph 16 may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 17 may be deemed allegations of fact, they are denied.

18. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 17 of the complaint.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies that Wiser and MVC prepared bids for channel inverts based upon the Army Corps of Engineer's ("Corps's") calculations of necessary concrete for lack of knowledge or information sufficient to form a belief as to the truth of the allegation; denies that the Corps improperly calculated the amount of concrete necessary for channel inverts.

21. Denies that the Corps failed to provide accurate contract plans; the remainder of the allegations contained in paragraph 21 are characterizations of plaintiff's case, to which no response is required; to the extent that the remainder of the allegations contained in paragraph 21 may be deemed allegations of fact, they are denied.

22. Denies. Avers that the Corps has paid Wiser $534,988.36 for work performed pursuant to Contract Number DACW09-03-C-0012, line item 14, Channel Invert.

23. The allegations contained in paragraph 23 are characterizations of plaintiff's case, to which no response is required; to the extent that the allegations contained in paragraph 23 may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 24 may be deemed allegations of fact, they are denied.

25. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 24 of the complaint.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. The allegations contained in paragraph 27 are characterizations of plaintiff's case, to which no response is required; to the extent the allegations contained in paragraph 27 may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are characterizations of plaintiff's case, to which no response is required; to the extent the allegations contained in paragraph 28 may be deemed allegations of fact, they are denied.

29. Denies. Avers that the Corps has paid Wiser $821,568.00 for work performed pursuant to Contract Number DACW09-03-C-0012, line Item 15, Channel Walls.

30. The allegations contained in paragraph 30 are characterizations of plaintiff's case, to which no response is required; to the extent that the allegations contained in paragraph 30 may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 are conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 31 may be deemed allegations of fact, they are denied.

32. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 31 of the complaint.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Denies that the contract plans contained an error; the remainder of the allegations contained in paragraph 34 are vague and unintelligible and, therefore, no

answer is required; to the extent the remainder of paragraph 34 is deemed to contain allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 35 may be deemed allegations of fact, they are denied.

36. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 35 of the complaint.

37. Admits the allegations contained in paragraph 37 to the extent supported by the baseline schedule for Contract Number DACW09-03-C-0012 referenced in paragraph 37, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits.

39. The allegations contained in paragraph 39 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 39 may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 40 may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 41 may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 42 may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 43 may be deemed allegations of fact, they are denied.

44. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 12 of the complaint.

45. Denies the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Denies.

47. The allegations contained in paragraph 47 are vague and unintelligible and, therefore, no answer is required; to the extent paragraph 47 is deemed to contain allegations of fact, they are denied.

48. Denies the allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. The allegations contained in paragraph 50 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 50 may be deemed allegations of fact, they are denied.

51. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 12 of the complaint.

52. Admits the allegations contained in paragraph 52 to the extent supported by contract plans referenced in paragraph 52, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the relevant contract documents for Contract Number DACW09-03-C-0012, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 53.

54. Admits.

55. Admits.

56. The allegations contained in paragraph 56 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 56 may be deemed allegations of fact, they are denied.

57. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 12 of the complaint.

58. Admits the allegations contained in paragraph 58 to the extent supported by the relevant contract documents for Contract Number DACW09-03-C-0012, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 58.

59. The allegations contained in paragraph 59 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 59 may be deemed allegations of fact, they are denied.

60. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 12 of the complaint.

61. Admits the allegations contained in paragraph 61 to the extent supported by the plans for Contract Number DACW09-03-C-0012 referenced in paragraph 61, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63. Denies.

64. The allegations contained in paragraph 64 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 64 may be deemed allegations of fact, they are denied.

65. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 12 of the complaint.

66. Admits the allegations contained in paragraph 66 to the extent supported by Contract Number DACW09-03-C-0012 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Admits the allegations contained in paragraph 68 to the extent supported by the plans for Contract Number DACW09-03-C-0012 referenced in paragraph 68, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 68.

69. The allegations contained in paragraph 69 are vague and unintelligible and, therefore, no answer is required; to the extent paragraph 69 is deemed to contain allegations of fact, they are denied.

70. Admits the allegations contained in paragraph 70 to the extent supported by the relevant contract documents for Contract Number DACW09-03-C-0012, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the relevant contract documents for Contract Number DACW09-03-C-0012, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 71.

72. The allegations contained in paragraph 72 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 72 may be deemed allegations of fact, they are denied.

73. The allegations contained in paragraph 73 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that the allegations contained in paragraph 73 may be deemed allegations of fact, they are denied.

74. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 73, to include the relief requested in subparagraphs (1)-(3), or to any relief whatsoever.

75. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classif. Unit - 8th Floor
1100 L Street
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988

August 6, 2008

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on August 6, 2008, a copy of the foregoing **"DEFENDANT'S ANSWER"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ DAVID S. SILVERBRAND